IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

PEDRO RUBEN PEREZ-FRIAS,

 Petitioner,

vs.

T. JOHNS, Warden; CHIEF COUNSEL
DHS-ICE, Field Office; and GEO
GROUP, a Florida Corporation,

 Respondents.

CIVIL ACTION NO.: CV512-133

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Pedro Perez-Frias ("Perez-Frias"), an inmate currently incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Perez-Frias filed a Traverse. For the reasons which follow, Perez-Frias's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Perez-Frias was convicted in the district court for the Southern District of New York of one count of illegal reentry of a deported alien having been previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326. (Doc. No. 10-1, p. 9). He was sentenced to forty-two (42) months' imprisonment to be followed by three (3) years' supervised release. (Id.).

In the instant petition, Perez-Frias argues that the United States Immigration and Customs Enforcement ("ICE") has issued an unlawful detainer against him, which has resulted in an extended duration of confinement and possible deportation. (Doc. No. 1, p. 6). Perez-Frias seeks to have the allegedly unlawful detainer removed so that he will not be held in custody longer than he "legally has to" and so that he will have "access to programs designed to assist inmates in their return to society, their community and most importantly their family." (Doc. No. 1, p. 12). Perez-Frias also asserts that he is "not subject to deportation and his future custody that he is presently facing as a result of an immigration detainer lodged by DHS-ICE will be unlawful." (Doc. No. 1, p. 14).

Respondent contends that Perez-Frias's petition should be dismissed because Perez-Frias has failed to exhaust his available administrative remedies. Perez-Frias asserts that the issue brought in his petition does not require adherence to the administrative remedy process. (Doc. No. 1, p. 10; Doc. No. 11). Because Respondent has failed to show that the issue presented by Perez-Frias is an issue subject to the administrative remedy procedure, the Court will not dismiss Perez-Frias's petition on that basis. However, the instant petition should be dismissed for want of subject matter jurisdiction.

## **DISCUSSION AND CITATION OF AUTHORITY**

The Eleventh Circuit has held that the filing of a detainer, standing alone, does not cause a prisoner to come within the custody of the Department of Homeland Security ("DHS") or ICE. Orozco v. U.S. Immigration & Naturalization Serv., 911 F.2d 539, 541 (11th Cir. 1990); Oguejiofor v. Attorney Gen. of the U.S., 277 F.3d 1305, 1308 n.2 (11th Cir. 2002). This position is in accord with the majority of Courts of Appeals.

AO 72A
(Rev. 8/82)

See, e.g., Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 539 (5th Cir. 2003); Garcia v. Taylor, 40 F.3d 299, 303–04 (9th Cir. 1994); Santana v. Chandler, 961 F.2d 514, 516 (5th Cir. 1992); Prieto v. Gulch, 913 F.2d 1159, 1162 (6th Cir. 1990); Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989). "The underlying rationale of these courts is that a detainer, as distinguished from other [ICE] orders, does not put a 'hold' on" the individual. Ryan v. Dep't of Homeland Sec., No. 3:09cv399/LAC/MD, 2010 WL 1433166, at *1 (N.D. Fla. Mar. 8, 2010); accord Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994) (noting that, the lodging of a detainer, without more, is insufficient to render the alien "in custody"). Generally, a detainer is viewed as "an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release." Id. (internal citation omitted). "In the immigration context, a detainer usually serves only as a notice to prison authorities that . . . ICE is going to be making a decision about the deportability of the alien in the future." Id. (citing Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)). "The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on the prisoner's liberty." Id. "Because there is no actual claim to the individual following the completion of his criminal sentence, there is no custody." Id.

The undersigned concludes that Perez-Frias is not "in custody" of ICE for purposes of 28 U.S.C. § 2241 simply by way of the detainer ICE lodged against him. Perez-Frias does not contend that ICE served him with an order to show cause or a final deportation order or that there is some other reason he should be considered to be

AO 72A
(Rev. 8/82)

in the custody of ICE. Because Perez-Frias is not "in custody" of ICE, this court lacks subject matter jurisdiction under 28 U.S.C. § 2241 to address his claim.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Perez-Frias's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE